PEDRO ROSARIO, Plaintiff and Appellant, *v.* JORGE L. LALAITE, Defendant and Appellee.

No. 43.   Argued July 19, 1937.—Decided November 4, 1937.

*Carlos D. Vázquez* for appellant.   *R. Padró Parés* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a suit for damages tried before the District Court of San Juan.   It was decided by entry of a judgment dismissing the complaint.   Plaintiff appealed, and in order to perfect his appeal, he prepared a statement of the case which he served upon the adverse party and submitted to the trial court for approval.

Defendant's objections included the following paragraph:

"That the statement of the testimony of Jorge Abichabki be amended at the end of the first paragraph, concluding with he words 'the Plazuelita of San Francisco.'   It is prayed that the same be amended as follows:

" 'Upon reaching there the chauffeur stopped to let us out, and opened the door through which Mr. Lalaite tried to get out first, and then the man sitting at my side said, "He can't stop here," but Jorge was already almost out and the car went on.' "

The court held that the statement should be amended as proposed by defendant and granted the plaintiff ten days within which to make the amendment.

The plaintiff asked for a reconsideration, and the court refused it, stating:

"The motion for reconsideration is denied for the reason that the proposed statement of the case in so far as concerns the paragraph sought to be amended, is not a true statement of the testimony of the witness Jorge Abichabki. This witness is a foreigner who, as the court saw, speaks Spanish with difficulty, and although the paragraph which the plaintiff wants to retain seems to indicate that he testified that Jorge Lalaite was the one who opened the door of the car, nevertheless, it appears that he immediately corrected his statement, stating clearly that is was the chauffeur and not Lalaite who opened the door. Justice cannot depend upon slips which a witness may maye through ignorance of the language, when as in this case what the witness intended to say and did say appears clearly."

The plaintiff was not content and brought before this Court his statement of the case and the proceedings thereon in the district court, all duly certified. He attached also the stenographic record sworn to be exact by the officer taking the same. He has prayed that this Court approve the statement of the case as he prepared it.

A hearing was set for June 24, and only the appellant appeared, who argued in support of his petition.

The procedure which the appellant has followed in resorting to this Court is authorized by Sections 218 and 219 of the Code of Civil Procedure, and by Section 64 of the Rules of this Court as interpreted in the case of *Lizarríbar* v. *Rossy, District Judge,* 18 P.R.R. 468.

The point for decision is how a certain part of the testimony of the witness Jorge Abichabki should be drafted in the statement of the case now before this Court. In the statement prepared by the appellant it is drafted as follows:

"Upon arriving the chauffeur stopped to let us out, because on stopping Mr. Lalaite opened the door, the chauffeur so that Mr. Lalaite could get out, and then the man sitting at my side said: 'He can't stop here,' but Jorge was almost already getting out, almost, and the car went on. . ."

The appellee proposes that it should be drafted as follows:

"Upon reaching there the chauffeur stopped to let us out, and opened the door through which Mr. Lalaite tried to get out first, and then the man sitting at my side said, 'he can't stop here,' but Jorge was already almost out and the car went on."

Both drafts are substantially the same as to the fact that the chauffeur stopped to let those riding in the car get out, as to the fact that the one seeking to get out first was Mr. Lalaite, and as to the fact that when he had almost succeeded in doing so, one of the passengers said that he could not stop there and the car was put in motion. The difference is that according to the plaintiff's draft the person opening the door was Mr. Lalaite, and according to the defendant's draft, the chauffeur did so.

What does the stenographic record say? On page 66 it is said:

"Q. What did the chauffeur do on reaching there?
"A. Stopped to let us out, because on stopping Mr. Jorge opened the door, the chauffeur so that Mr. Jorge might get out, and then the man sitting at my side said: 'He can't stop here,' but Jorge was already out, at least almost, and then, it went on, the car. . ."

At first glance the stenograher supports the appellant's view of the discrepancy.

What reasons did the judge have for accepting the appellee's amendments?

They appear in his order upon the motion for reconsideration. In his opinion the appellant's draft is not a true statement of the testimony of the witness; the latter, a foreigner, spoke Spanish with difficulty, and his statement that it was the chauffeur who opened the door is clear.

The witness Abichabki was offered by the appellee. The question which he answered was put to him by counsel for

the appellee, and the interrogatory according to the stenographic record continues as follows:

"Q. Do you mean to say that when Jorge got out. . .

"A. When Jorge was getting out the car started—he can't stop here—.

"Q. Who said that?

"A. The dark man who was sitting on my side in front.

"Q. What did the chauffeur do?

"A. He made the car go.

"Q. Without waiting for Jorge to get out?

"A. Yes, sir.

"Q. Why are you sure that the chauffeur opened the door?

"A. Yes, sir.

"Q. Why are your sure that the chauffeur opened the door?

"A. To let us out.

"Q. Did you see him opening it?

"A. Yes, sir, I saw him.

"Q. When he put out his hand and opened it?

"A. Yes, sir.

"Q. Do you mean to say that Jorge had nothing to do with opening the door in any way?

"A. No, sir, no.

"Defendant: Nothing more."

If consideration is given to the whole of the witness' testimony and to the fact that the discrepancy is due to the placing of a comma by the stenographer after the word door, it is apparent that it is possible to find the stenographic version itself, in the passage from which the discrepancy has arisen, susceptible of an interpretation which attributes the opening of the door to the chauffeur.

If to that is added the recollection and conscience of the judge who heard the testimony, there is no other conclusion for us to reach, nor is the one we reach even doubtful. The judgment of a court hearing a witness and who has the duty to certify as to the correctness of the statement of what he said, must prevail over that of an appellant who relies upon confused statements and a punctuation mark, not placed by the witness himself but by the stenographer, which

232

tends to give the testimony a meaning contrary to the repeated statements of the witness immediately following.

The petition for approval of the statements of the case in the form from which appellant contends must, therefore, be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.